UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DWAIN WALLS,

                Plaintiff,                Case No. 1:12-cv-743

v.                                            Honorable Robert J. Jonker

UNKNOWN GARCIA et al.,

                Defendants.
_____/

## **OPINION**

This is a civil rights action by a state prisoner under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq*. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act (PLRA), PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claim under the ADA and Plaintiff's retaliation claim under § 1983. The Court will also dismiss the Michigan Department of Corrections as a Defendant, but will allow service of Plaintiff's Eighth Amendment claim against

Defendants Garcia, Doyle, Freel, Dastiqir, Kinizger, Trobe, Raphealine, Elner, Zziwambazza, Czop, Spitter, Rich, and Butler.

**Discussion**

I. Factual allegations

Plaintiff Dwain Walls presently is incarcerated at the Ionia Maximum Correctional Facility (ICF). He sues the Michigan Department of Corrections (MDOC) and thirteen doctors who work at MDOC facilities or who are "state employees" working in "private practice": Dr. Czop[1] (ICF), Dr. Spitter (Oaks Correctional Facility), Drs. Garcia and Rich (West Shoreline Correctional Facility), Dr. Doyle (Michigan Reformatory), Dr. Freel (Marquette Branch Prison), Dr. Dastiqir (Duane Waters Hospital in Jackson, Michigan), Drs. Kinizger and Raphealine (Shoreline Vision Clinic in Muskegon Heights, Michigan), Drs. Trobe and V. Elner (state employees in Ann Arbor, Michigan), Dr. Zzwiwambazza (state employee at Mercy Memorial Hospital in Muskegon, Michigan), and Dr. Butler (unknown address). (2d Am. Compl., docket #8, Page ID##37-38.)

Plaintiff alleges that, in April 2010, he requested urgent medical treatment because he noticed a loss of vision in one eye. Thereafter, Plaintiff complained to many physicians about his deteriorating vision, including each of the Defendants, but the only care that he received was eye examinations and eye drops. Corrective surgery was recommended for Plaintiff's condition, but Defendants refused to provide that treatment, citing budget cuts and lack of funds. On several occasions, Plaintiff experienced swelling and excruciating pain in his eyes, but he would have to wait several days or weeks before a doctor would see him. Plaintiff's vision continued to deteriorate over time, and he is now completely blind in one eye and more than 80% blind in the other.

---

[1]The first names of the Defendant doctors are not specified in the complaint.

Plaintiff further claims that unidentified MDOC officials have deprived him of "activities" and "accommodations," in violation of the ADA, and have "subjected" him to "misconducts" for "complaining." (*Id.* at Page ID#40.) Plaintiff elaborates on these assertions in an affidavit, stating:

> . . . I was harassed[,] denied my out of cell activities, . . . placed in seg[regation], [and] refuse[d] A.D.A. accommodations. . . . I have fall[en] down stairs, shower, and in my cell, trip[p]ed on walkway, [and have been] denied many other privileges and threatened with other misconducts fabricated against me for exercising my right to complain for the subjection I had to endure by these MDOC employees.

(Pl.'s Aff., docket #1-1, Page ID#11.)

As relief, Plaintiff requests damages, additional medical care for his eyes, placement in a lower level of confinement with sufficient accommodations for his condition, and restoration of good time credits that he lost as a result of all the misconducts that he has received while in prison.[2]

II. Immunity

Plaintiff names the MDOC as a Defendant; however, Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity for § 1983 claims, *Quern v. Jordan*, 440

---

[2]To the extent that Plaintiff seeks restoration of good time credits, that relief is not available in this action. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539 (1974) (refusing to allow a § 1983 suit for restoration of good-time credits).

U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, Plaintiff's § 1983 claim against the MDOC will be dismissed.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### A. ADA

Plaintiff contends that MDOC officials have deprived him of "A.D.A. accommodations" and "activities under [the ADA]." (2d Am. Compl., docket #8, Page ID#40.) Title II of the ADA provides

> . . . that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." § 12132 (2000 ed.). A "'qualified individual with a disability'" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." § 12131(2). The Act defines "'public entity'" to include "any State or local government" and "any department, agency, . . . or other instrumentality of a State," § 12131(1). [The Supreme Court has] previously held that this term includes state prisons. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

*United States v. Georgia*, 546 U.S. 151, 153-54 (2006). Thus, to state a claim under the ADA, a plaintiff must show that he is "(1) disabled under the statute, (2) otherwise qualified for participation in the program, [services or activities], and (3) being excluded from participation in, denied the benefits of, or subjected to discrimination under[,] the program, [services, or activities] by reason of his disability." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008). The MDOC is not

necessarily immune from a damages claim under the ADA, because Title II abrogates state sovereign immunity for claims based on "conduct that actually violates the Fourteenth Amendment[.]" *Georgia*, 546 U.S. at 159.

Assuming that Plaintiff's impaired vision is a disability under the ADA, Plaintiff does not allege that he has been discriminated against, or that he has been unable to participate in or receive the benefit of a service, program, or activity available to other inmates by reason of that disability. *See id.* Plaintiff vaguely asserts that he was "denied . . . out of cell activities." (Pl.'s Aff., docket #1-1), but he does not allege that the asserted denial was due to his disability, as is necessary to state a claim under the ADA. Plaintiff also alleges that he has fallen in various areas of the prison and he requests transfer to another facility with better accommodations for his condition. However, he does not identify any accommodations that he lacks in his current placement, nor does he make any allegations from which to reasonably infer that the lack of accommodations for his disability has prevented him from accessing services, programs, or activities in the prison. Thus, Plaintiff's allegations concerning the prison's facilities and the lack of accommodations also do not state a claim under the ADA. Therefore, the ADA claim will be dismissed. Moreover, because there are no other claims against the MDOC, it will be dismissed as a Defendant in this action.

### B. Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### 1. Retaliation

Plaintiff asserts that unidentified MDOC officials have given him misconducts for complaining, which raises a possible retaliation claim. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's allegations concerning retaliation by MDOC officials are unsupported. He does not describe any instance in which he engaged in protected conduct or in which a Defendant took an adverse action against him because of that conduct. Plaintiff's cursory allegations are wholly insufficient to state a claim. *See Iqbal*, 556 U.S. at 678-69; *Twombly*, 550 U.S. at 555. Consequently, Plaintiff's retaliation claim will be dismissed.

2. <u>Eighth Amendment</u>

Plaintiff alleges that Defendant doctors refused to provide adequate medical care for his eye condition. The Eighth Amendment is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 102, 103-05 (1976). Plaintiff's allegations are arguably sufficient to state an Eighth Amendment claim. Therefore, the Court will allow service of the second amended complaint against Defendants Garcia, Doyle, Freel, Dastiqir, Kinizger, Trobe, Raphealine, Elner, Zziwambazza, Czop, Spitter, Rich, and Butler, solely with respect to Plaintiff's Eighth Amendment claim under § 1983.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Michigan Department of Corrections will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), because it is immune from suit under 42 U.S.C. § 1983 and because Plaintiff fails to state a claim under the ADA. The Court also determines that Plaintiff's § 1983 action against Defendants Garcia, Doyle, Freel, Dastiqir, Kinizger, Trobe, Raphealine, Elner, Zziwambazza, Czop, Spitter, Rich, and Butler is not subject to dismissal at this time. Plaintiff fails to state a retaliation claim against the latter Defendants; however, Plaintiff arguably states an Eighth Amendment claim against them based on their alleged failure to provide adequate medical care. Thus, the Court will allow service of the second amended complaint against these Defendants, solely with respect to the aforementioned Eighth Amendment claim.

An Order consistent with this Opinion will be entered.


Dated:     January 22, 2013            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE